UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **LELAND FOSTER**, Individually | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:16-cv-11873 |
| v. | ) | |
| | ) | |
| **Ayyash, LLC.,** a Michigan Limited Liability Company**,** | ) | Judge: |
| | ) | |
| And | ) | |
| | ) | |
| **R. Ash, Inc.,** a Michigan Corporation | | |
| | | |
| Defendants. | | |

---

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, individually, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendants, Ayyash, LLC**.**, a Michigan Limited Liability Company and R. Ash, Inc., a Michigan Corporation, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.  This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.    Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*.  The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4.    Plaintiff, Leland Foster  ("Plaintiff"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.    Defendant R. Ash Inc. operates a bar and grill and Ayyash, LLC. owns the real estate, commonly known as The Bowery Grille & Pub, which is located at 41275 Ford Rd, Canton, MI 48187 in Wayne County, Michigan.  Plaintiff patronized Defendants' bar and grill on August 4, 2015 and on other dates as a place of public accommodation. He frequents the area for many reasons but among them include to shop at IKEA and visit with several close friends who reside nearby.

6.    Upon information and belief, the bar and grill owned and operated by Defendants is non-compliant with the remedial provisions of the ADA. As Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations

implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' bar and grill, as a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions.

9. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

11. A preliminary inspection of the bar and grill owned by Ayyash, LLC., and operated by R.

Ash, Inc., has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Accessible Routes

    A.   There are missing or non-compliant curb ramps on the accessible route from the parking lot to the bar and grill entrance, in violation of the ADA whose remedy is readily achievable.

    B.   There are cracks and changes in level on the accessible route in excess of ¼ inches, in violation of the ADA whose remedy is readily achievable.

    C.   There is no accessible route to the dining area due to a step or steps, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

    D.   There are no accessible dining surfaces in the bar or any dining area of the restaurant, in violation of the ADA whose remedy is readily achievable.

The Restrooms:

    E.   The restaurant's restrooms contain various amenities that are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    F.   The designated accessible toilet compartment has insufficient clear floor space, in violation of the ADA whose remedy is readily achievable.

    G.   The restaurant's restrooms have exposed water pipes that are not insulated to protect for contact, in violation of the ADA whose remedy is readily achievable.

    H.   The accessible toilet compartments have missing or non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

    I.   The flush control in the designated accessible toilet compartment is not mounted on the open side, in violation of the ADA whose remedy is readily achievable.

Parking:

    J.   There are an insufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    K.   There are designated accessible parking spaces which lack proper signage, in

violation of the ADA whose remedy is readily achievable.

L. There are no adjacent access aisles at designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

M. Access aisles in designated accessible parking spaces do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

N. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

O. The operator lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by the bar and grill is not an exhaustive list of the Defendants' ADA violations.  Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The bar and grill, as owned by Defendants, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities,

privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.   Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

20.     Plaintiff restates the allegations of ¶¶1 - 19 as if fully rewritten here.

21.     R. Ash, Inc. operates and Ayyash, LLC. owns a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22.     Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff

the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. p66315
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615

(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica, OH Bar no. (0083812)
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com

*admitted to practice in the E. Dist of MI