UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, Individually )<br>)<br>          Plaintiff, )<br>v. )<br>)<br>**Ayyash, LLC.,** a Michigan Limited Liability )<br>Company**,** )<br>)<br>And )<br>)<br>**R. Ash, Inc.,** a Michigan Corporation )<br><br>          Defendants. | Case No. 2:16-cv-11873<br><br>Judge Nancy G. Edmunds |

## CONSENT DECREE AND ORDER

WHEREAS, Plaintiff Leland Foster ("Foster") filed this action against **Ayyash, LLC.,** a Michigan Limited Liability Company**,** and **R. Ash, Inc.,** a Michigan Corporation ("The Bowery"), in the United States District Court for the Eastern District of Michigan, Case Number 2:16-cv-11873

WHEREAS, Foster alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301 at a facility commonly referred to as The Bowery located at 41275 Ford Rd, Canton, MI 48187   (the "Property");

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings and have voluntarily entered into a Complete and Permanent Settlement and Release Agreement ("the Agreement");

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order and in the Agreement, the parties request the Court to enter consent judgment accordingly.

1. <u>Undertakings by Defendant The Bowery:</u>

Without an admitting liability, in response to and in settlement of the allegations contained in Foster's Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, The Bowery agrees to, within two years following the Court's entry of this Consent Decree, unless an alternate date is specifically referenced herein, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of The Bowery such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages, perform the following barrier removal, alterations, and modifications at and to the Property:

    A.    The Bowery will designate two accessible parking spaces (one designated as van accessible) with required access aisle, signage and on a level surface not to exceed 2% slope and cross slope. The car parking space shall be 96 inches wide minimum and one (1) van parking space shall be 132 inches wide minimum, shall be marked to define the width, and shall have an adjacent access aisle of 60 inches. **Exception:** Van parking spaces shall be permitted to be 96 inches wide minimum where the access aisle is 96 inches wide minimum. This shall be completed within 2 years following the Court's entry of the Consent Decree and Order.

    B.    The Bowery will install 36 inch long rear grabs bars in the designated accessible toilet compartments of the men's and women's restrooms to comply with Sections 604.5.2 and 609 of the 2010 Standards.

    C.    The Bowery will lower or add additional dispensers in the men's and women's restroom to a height not to exceed 48 inches to comply with Section 308.2.1 of the 2010 Standards.

    D.    The Bowery will insulate the exposed pipes on the lavatories in both the men's and women's restroom.

    E.    The Bowery will reverse the door swing on the toilet compartment in the men's restroom so that it swings outward and does not impede on the clear floor space in the compartment. An equivalent adjustment will be made in the women's restroom.

    F.    The Bowery will install compliant side and rear gram bars in the men's and women's restroom to comply with Sections 604.5.2 and 609 of the 2010 Standards.

    G.    The Bowery will move the toilet paper dispensers inside the toilet compartment to be in compliance with 604.7 of the 2010 Standards.

    H.    The Bowery shall ensure that 5% of dining surfaces are on an accessible route with toe/knee clearance of not less than 17" deep, 30" wide and 27" high and with the top of the table at 28–34" high that complies with Section 902 of the 2010 Standards.

    I.    The Bowery will create and adopt reasonable policies and procedures to maintain accessible features and modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities to comply with Department of Justice ADA Title III Regulation 28 CFR Part 36.302(a).

2.    <u>Undertakings by Plaintiff Foster</u>:  Foster agrees that he is releasing The Bowery and The Bowery parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other clams, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree and Order.  Foster further agrees that the completion of the above-referenced modifications will fully resolve his claims against The Bowery in the above-captioned matter, and consents to the Court's dismissal of this matter.

3

3. The Court finds that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009) and under Michigan Law.

4. Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Michigan law to the extent readily achievable.

5. <u>Jurisdiction</u>: The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Eastern District of Michigan. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.

6. <u>Judgment</u>: Based upon the foregoing, the Court finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The Court enters judgment accordingly:

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be and they are hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Decree and Order, that Defendant be and is hereby found to be in

compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Michigan Law as of the date of this Judgment Entry.

    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with the concurrence of each of the parties, this matter be dismissed with prejudice and, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order.

    The Clerk of Court is directed to enter judgment accordingly.

    Dated: <u>October 5, 2016</u>

<u>s/ Nancy G Edmunds</u><br>
Honorable Nancy G. Edmunds<br>
United States District Court Judge

The Parties:

_____    _____
Leland Foster    Date

R. Ash, Inc., a Michigan Corporation
By its authorized representative:

_____    _____
    Date

Ayyash, LLC., a Michigan Limited Liability Company
By its authorized representative:

_____    _____
    Date

Approved by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Sam Ayyash
Sam Ayyash, Counsel for the Defendant